# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-1897V
(To be published)

* * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| VALERIE NEWPORT, | |
| | Special Master Corcoran |
| Petitioner, | |
| v. | Filed: April 3, 2019 |
| | |
| | Motion for Reconsideration; Attorney's |
| | Fees and Costs; Reasonable Basis. |
| SECRETARY OF HEALTH | |
| AND HUMAN SERVICES, | |
| | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Andrew D. Downing*, Van Cott & Talamante, Phoenix, AZ, for Petitioner.

*Amy P. Kokot*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ORDER DENYING MOTION FOR RECONSIDERATION[1]

On December 7, 2017, Valerie Newport filed a Petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she had developed a constant tremor in her right arm from receipt of the influenza ("flu") vaccine on September 19, 2016. Pet. at 1 (ECF No. 1). Unable to secure expert support for her claim, Ms.

---

[1] This Decision will be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.

Newport filed a Motion seeking dismissal of the Petition on January 10, 2019, and I subsequently dismissed the action. Decision, dated Jan. 11, 2019 (ECF No. 21).

Petitioner thereafter filed a motion seeking a final award of attorney's fees and costs. Mot. filed Jan. 17, 2019 (ECF No. 22). Respondent opposed the motion, arguing that the case lacked reasonable basis (*see* Opposition, filed Feb. 12, 2019 (ECF No. 27)), but I issued a decision awarding the requested attorney's fees and costs on March 12, 2019 (ECF No. 30) ("Fees Decision"). I found that Petitioner's claim had reasonable basis up until the time at which Petitioner was unable to secure expert support (after which she promptly sought dismissal). Fees Decision at 6.

Respondent now moves for reconsideration of the Fees Decision, arguing that my analysis therein improperly relied on *Cottingham v. Secretary of Health & Human Services*, 134 Fed. Cl. 567 (2017). Resp't's Mot. for Recons. at 1, filed Mar. 22, 2019 (ECF No. 31) ("Mot. for Recons."). Maintaining that *Cottingham* (a case that prompted several rounds of appeals, and in which the final determination of the Court of Federal Claims is now on appeal at the Federal Circuit)[3] has been since superseded, he asserts that my discussion of it was misplaced. *Id.* at 2. He argues further that a subsequent determination in the same case (141 Fed. Cl. 85 (2018)) undermines my finding that this claim possessed a reasonable basis (and thus militates against an award of attorney's fees and costs). *Id.*

In the alternative, Respondent asserts that if I do not wholly withdraw my Fees Decision, I should withdraw it temporarily and stay its reissuance pending resolution of the *Cottingham* Federal Circuit appeal. Mot. for Recons. at 3. Petitioner filed a response to Respondent's Motion for Reconsideration on April 1, 2019, arguing that my Fees Decision correctly harmonized *Cottingham* with more recent precedent from the Court of Federal Claims and the Federal Circuit. Pet'r's Resp. to Resp't's Mot. for Recons. at 2–3 (ECF No. 31).

---

[3] After the special master issued a decision pursuant to the petitioner's voluntary dismissal (*Cottingham v. Sec'y of Health & Human Servs.*, No. 15-1291V, 2016 WL 6575170 (Fed. Cl. Spec. Mstr. Oct. 13, 2016), petitioner filed a motion seeking attorney's fees and costs, which the special master initially denied. *Cottingham v. Sec'y of Health & Human Servs.*, No. 15-1291V, 2017 WL 1476242 (Fed. Cl. Spec. Mstr. Mar. 30, 2017). The *Cottingham* petitioner sought reconsideration of the fees and costs denial, which the Special Master also denied. *Cottingham v. Sec'y of Health & Human Servs.*, No. 15-1291V, 2017 WL 22009904 (Fed. Cl. Spec. Mstr. Apr. 20, 2017). The petitioner then filed a motion for review, which the Court of Federal Claims granted, vacating the special master's decision denying attorney's fees and costs and remanding the case to the special master. *Cottingham*, 134 Fed. Cl. 567. On remand, the special master awarded fees. *Cottingham v. Sec'y of Health & Human Servs.*, No. 15-1291V, 2017 WL 6816709 (Fed. Cl. Spec. Mstr. Dec. 12, 2017). Respondent sought review of the decision awarding fees, asking the Court to reconsider the case in light of the Federal Circuit's intervening decision in *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632 (Fed. Cir. 2017). The Court remanded the decision to the special master on these grounds. *Cottingham v. Sec'y of Sec'y of Health & Human Servs.*, 139 Fed. Cl. 88 (2018). The special master then concluded that the claim lacked reasonable basis and declined to award fees. *Cottingham v. Sec'y of Health & Human Servs.*, No. 15-1291V, 2018 WL 3432638 (Fed. Cl. Spec. Mstr. June 20, 2018). The petitioner again sought review before the Court of Federal Claims, but this time the it affirmed the special master's decision denying fees and costs. *Cottingham*, 141 Fed. Cl. 85 (2018). The petitioner's appeal of the most recent decision from the Court of Federal Claims is currently on appeal before the Federal Circuit.

**Standards for Reconsideration**

Vaccine Rule 10(e) provides that either party may seek reconsideration of a special master's decision within twenty-one days after the decision's issuance. Special masters have the discretion to grant a motion for reconsideration if to do so would be in the "interest of justice." Vaccine Rule 10(e)(3).

As noted by another special master, "there is a dearth of law interpreting Vaccine Rule 10(e)(3)," save for the conclusion that (as the rule itself makes clear) it is within the special master's discretion to decide what the "interest of justice" is in a given case. *R.K. v. Sec'y of Health & Human Servs.*, No. 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Jan. 10, 2011) (granting reconsideration of decision dismissing case for failure to prosecute). Many decisions assume that the standard for reconsideration is congruent with the "manifest injustice" standard utilized under Rule 59(a) of the Rules of the Court of Federal Claims, which has been defined as "clearly apparent or obvious" unfairness. *Amnex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002); *see also R.K.*, 2010 WL 5572074, at *3–5 (citations omitted).

I have previously found reconsideration merited when the movant provides new, relevant evidence that would have borne on my initial decision had it been previously available. *See, e.g.*, *Rodriguez-Luna v. Sec'y of Health & Human Servs.*, No. 15-496V, 2018 WL 774256, at *2 (Fed. Cl. Spec. Mstr. Jan. 3, 2018) (granting motion for reconsideration of final attorney's fees and costs decision when petitioner submitted previously-unfiled billing records). By contrast, I have denied reconsideration requests where the movant simply disagrees with my initial decision and has offered no truly "new" evidence. *See, e.g.*, *D'Tiole v. Sec'y of Health & Human Servs.*, No. 15-085V, 2016 WL 8136296 (Fed. Cl. Spec. Mstr. Dec. 21, 2016), *mot. for review denied*, 132 Fed. Cl. 421 (2017), *aff'd*, 726 F. App'x 809 (Fed. Cir. 2018); *Kerrigan v. Sec'y of Health & Human Servs.*, No. 16-270V, 2016 WL 7575240 (Fed. Cl. Spec. Mstr. Nov. 22, 2016).

**Respondent Has Not Established Grounds for Reconsideration**

Respondent's reconsideration request is not well-founded for several reasons. First, Respondent has not offered any truly "new" evidence, or law, that could not have been introduced at the time I decided to award Petitioner attorney's fees. The *Cottingham* decision that Respondent asks I compare to the present case was issued in September 2018—months before my Fees Decision—and was not even cited in Respondent's opposition to Petitioner's motion for attorney's fees and costs. It is also well understood in the Program that special masters are only bound precedentially by the determinations of the Court of Federal Claims in the *same* case, not different cases, thus permitting me to reach a conclusion on the question of attorney's fees in this case contrary to another.

Second, I do not find that my discussion of an earlier *Cottingham* decision was superseded by the ultimate outcome on fees in that case—in particular because I did not cite *Cottingham* for its *outcome*, but rather for its discussion. It set forth a list of factors that help illuminate whether reasonable basis existed. Fees Decision at 4 (citing *Cottingham*, 134 Fed. Cl. at 574). Those factors still have applicability to the reasonable basis test, despite the fact that, at bottom, it requires objective proof to be satisfied. And in finding that Petitioner's claim possessed some reasonable basis, I rooted the decision in objective considerations—Petitioner indisputably received the flu vaccine, medical records support her claimed injury, and she first reported her injury to treaters within a matter of weeks after receiving the vaccine. Fees Decision at 6.

Respondent's remaining challenges to my Fees Decision amount to disagreement with the outcome. Thus, he takes issue with my statement that "claims [alleging] that the flu vaccine caused a peripheral neurologic injury are common in the Program (and therefore is it foreseeable that experts exist who may legitimately agree a particular claim is scientifically supportable)," arguing that "[t]his contention does not confer a reasonable basis on this claim." Mot. for Recons. at 2 (citing Fees Decision at 6). However, the Federal Circuit recently reaffirmed that a claim can commence with reasonable basis, but lose it during its pendency. *R.K. v. Sec'y of Health & Human Servs.*, No. 2018-1738, 2019 WL 1222835, at *2 (citing *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1376–77 (Fed. Cir. 1994)). In *Perreira*, a claim lost reasonable basis only *after* the petitioners obtained an expert report which "was found to be unsupported by either medical literature or studies, and therefore, of no value in establishing causation in-fact." *Perreira*, 33 F.3d at 1376–77. It follows logically that a claim (the initial plausibility of which may be a function of its similarity to other previously-litigated successful claims)[4] may maintain reasonable basis up until the lack of objective basis for the claim is exposed (here, by an expert opinion).

Ultimately, Respondent has offered no new evidence or other compelling argument demonstrating that the interest of justice would be best served by reconsideration of my March 12, 2019 Fees Decision. I hereby **DENY** the motion for reconsideration.

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] The opposite is also true, and frequently inures to Respondent's benefit. Thus, when petitioners attempt to assert a causation theory that has been repeatedly rejected time and again in the Vaccine Program—such as the contention that vaccines cause autism—it is my practice, and that of the other special masters, to inform the claimant (based on previously-litigated claims) that the petition lacks reasonable basis on its face. We do so despite oft-voiced objections that the petitioner should be permitted the chance to obtain expert support for the claim. *See, e.g.*, *Motuzyuk v. Sec'y of Health & Human Servs.*, No. 18-586V, 2019 WL 1451279, at *5 (Fed. Cl. Spec. Mstr. Feb. 14, 2019) (dismissing autism claim before giving petitioner the opportunity to obtain an expert report).