# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1897V
(Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| VALERIE NEWPORT, | * |
| | *  Special Master Corcoran |
| | * |
| | *  Filed: July 29, 2019 |
| Petitioner, | * |
| v. | * |
| | *  Attorney's Fees and Costs; |
| SECRETARY OF HEALTH | *  Post-Judgment Fees Request; |
| AND HUMAN SERVICES, | *  Blanket Reductions; Excessive |
| | *  Attorney Time |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Andrew D. Downing*, Van Cott & Talamante, Phoenix, AZ, for Petitioner.

*Amy P. Kokot*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ADDITIONAL ATTORNEY'S FEES AND COSTS[1]

On December 7, 2017, Valerie Newport filed a Petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she developed a constant tremor in her right arm after receiving the influenza ("flu") vaccine on September 19, 2016. Pet. at 1 (ECF No. 1). Unable to secure expert support for her claim, Ms.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.

Newport filed a Motion seeking dismissal of the Petition on January 10, 2019, and I subsequently dismissed the action. Decision, dated Jan. 11, 2019 (ECF No. 21).

A week later, on January 17, 2019, Petitioner filed a motion seeking a final award of attorney's fees and costs. ECF No. 22 ("Mot."). Although Respondent opposed the fees request on the grounds that the case lacked reasonable basis, I awarded fees through the date that Petitioner requested dismissal. Decision, dated Mar. 12, 2019 (ECF No. 30) ("Fees Decision"). Respondent subsequently filed a Motion for Reconsideration of the Fees Decision on March 22, 2019 (ECF No. 31), which in turn prompted Petitioner to file a short brief in opposition. *See* Pet'r's Resp., filed Apr. 1, 2019 (ECF No. 32). After I denied reconsideration without further appeal by either side, judgment entered on the fees award on April 12, 2019. ECF No. 34.

Now, three months after the entry of judgment, Petitioner has filed a motion for additional fees and costs, in the total amount of $3,767.00 ($3,575.50 in fees, plus $191.50 in research costs) reflecting the work performed to respond to Motion for Reconsideration. Motion, filed July 11, 2019 (ECF No. 37). A billing invoice appended to the Motion reveals that the same two attorneys who performed work on the case before its dismissal were involved in the preparation of the reconsideration response—and billed nearly *eleven* hours of time in that effort. *See* Ex. C at 4 (ECF No. 37-1). Respondent's filed reaction to the supplemental fees request leaves its resolution to my discretion. ECF No. 38.

Putting aside the plainly dilatory nature of the supplemental request,[3] I find that Petitioner is entitled to fees incurred in responding to a motion that, if granted, would potentially have resulted in the denial of fees entirely—and where the motion was instead denied. However, although the rates requested for the attorneys involved are consistent with what I ordered in my earlier Fees Decision, the quantum of fees requested—eleven hours of attorney time for preparation of a *four-page opposition*—is excessive. Special masters are empowered to make percentage reductions in fees requested. *See, e.g.*, *De Souza v. Sec'y of Health & Human Servs.*, 141 Fed. Cl 338, 346 (2018) (finding that special master "acted within his considerable discretion" when making an across-the-board reduction of 35% to the requested attorney's fees). It seems especially reasonable to take this approach to a post-judgment fees request that seeks less than $4,000 total. I will therefore award only 50% of the total sum requested, or **$1,884.00**. The work performed on this matter might better have been done mainly by Mr. Downing's associate, Ms. Van Cott, and certainly a four-page motion did not require so much time.

Accordingly, I hereby award supplemental attorney's fees and costs in the total sum of **$1,884.00**, in a check payable to Petitioner and Andrew D. Downing, Esq. In the absence of a

---

[3] Petitioner's response to Respondent's reconsideration request certainly could have been interposed sooner, and thus closer in time to the issuance of the judgment. Indeed, the present request to some extent could be construed as an effort to amend the existing judgment, although Petitioner has made no effort to establish why doing so would be reasonable. As set forth in Rule 60(b)(1) of the Rules of the Court of Federal Claims, a judgment may be reopened only for "mistake, inadvertence, surprise, or excusable neglect." Counsel is admonished in the future to act more promptly in making a supplemental fees request once a judgment has issued.

motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[4]

    **IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.